UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBIE DEANNA RUFF,

Plaintiff,

-against-

TYRONE A. CARTER; SHAKESHA
ALEXANDER; JOHN DOE; THE CITY OF
RIVER ROUGE,

Defendants.

25-CV-1453 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in River Rouge, Michigan, brings this *pro se* action under 42 U.S.C.

§ 1983, alleging that Defendants violated her rights in River Rouge. Named as Defendants are

Michigan State Representative Tyrone A. Carter; Shakesha Alexander, a teacher at Stem

Academy, located in River Rouge; "John Doe," a "stalker or employee of DM Burr Group

Security," which is located in River Rouge; and the City of River Rouge.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the

United States District Court for the Eastern District of Michigan.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

This action concerns events that allegedly occurred in River Rouge, Wayne County, Michigan. Plaintiff asserts that Defendants maliciously prosecuted her "after confronting my stalkers who are still currently stalking and harassing me." (ECF 1, at 5.) Plaintiff previously filed an action in the Eastern District of Michigan asserting similar claims against the United States of America, Representative Carter, the City of Detroit, the City of River Rouge, and DM Burr Group Security. *See Ruff v. United States*, No. 24-CV-12921 (LVP) (DRG) (E.D. Mich. Nov. 7, 2024). The Eastern District of Michigan concluded that Plaintiff's allegations lacked credibility and failed to include facts that "raise[d] a right to relief above the speculative level." *Id.* (Doc. No. 6, at 3) (internal quotation marks and citation omitted).

Plaintiff now brings this new civil action here. Although she does not plead the residence of any of the individual defendants, she asserts that the alleged events giving rise to her claims occurred in River Rouge where the individual defendants are employed. Thus, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This action could have been brought in the Eastern District of Michigan because River Rouge, Wayne County, is located in the Eastern District of Michigan where it appears the Defendants reside. *See* 28 U.S.C. § 102(a). Though Plaintiff previously asserted similar claims that were addressed by the Eastern District of Michigan, the Court finds that, in the interest of justice, this new civil action should be

transferred to the United States District Court for the Eastern District of Michigan. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court.

The Clerk of Court also is directed to terminate all pending motions in this case.

This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 26, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge